**\*\* E-filed January 11, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRINCETON DEVELOPMENTS, LLC, | No. C11-04471 HRL |
| Plaintiff, | **ORDER (1) DISMISSING DEFENDANT SYED ALI ABBAS (2) GRANTING DEFENDANTS FRANK LORENZO AND THE MILAN GROUP'S MOTION TO SET ASIDE DEFAULT; AND (3) THAT THIS CASE BE REASSIGNED TO A DISTRICT JUDGE** |
| v. | |
| BRYNEE K. BAYLOR; et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Princeton Developments, LLC ("Princeton") sued Brynee Baylor, Baylor & Jackson PLLC, The Milan Group, Inc., Frank Lorenzo, Syed Ali Abbas, GPH Holdings, LLC, and Patrick Lewis on September 8, 2011 alleging claims for fraud, breach of contract, bread of fiduciary duty, legal malpractice, and money had and received. Dkt. No. 1 ("Complaint"). Princeton is a California Limited Liability Company. It is undisputed that defendant Syed Ali Abbas is a California resident. See Dkt. 18. All of the remaining defendants are citizens of or entities organized in states other than California. All defendants were personally served with the complaint and summons. See Dkt. Nos. 4-8, 12-13.

Defendants Brynee Baylor and Syed Ali Abbas have answered the complaint. See Dkt. Nos. 18, 34. The remaining defendants have not timely appeared in this action. On October 26, 2011, plaintiff moved for entry of default against The Milan Group, Frank Lorenzo, Patrick Lewis, and

GPH Holdings. Dkt. Nos. 14, 15, 16, 17. The Clerk of Court entered default against those four defendants on October 27. Dkt. Nos. 19, 20, 21, 22. Shortly thereafter, defendants Frank Lorenzo and The Milan Group appeared and moved to set aside the default entered against them. Dkt. No. 28. Plaintiff did not oppose the motion. A hearing was held on January 10, 2012

Upon reviewing the complaint, the court perceived a lack of diversity jurisdiction and raised the issue *sua sponte* by ordering the plaintiff show cause why the case should not be dismissed for lack of subject matter jurisdiction on January 10. Plaintiff moved to dismiss defendant Syed Ali Abbas in response, and filed a Show Cause Response asking that this case not be dismissed in light of Abbas's requested dismissal.

After reviewing the complaint, moving papers, applicable authority and counsel's presentations at hearing, the court hereby finds defendant Abbas is not an indispensable party and DISMISSES him, and GRANTS defendants Frank Lorenzo and The Milan Groups' request to set aside default. In addition, because not all parties have consented to the undersigned's jurisdiction, the court ORDERS the Clerk of the Court to reassign this case to a district judge.

I. **JURISDICTION**

A federal district court has original diversity jurisdiction over any civil action in which the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). In any case where subject matter jurisdiction depends on § 1332, there must be complete diversity of the parties; that is, all plaintiffs must be of different citizenship than all defendants. Strawbridge v. Curtiss, 7 U.S. 267 (1806). Diversity jurisdiction depends on the parties' status at the commencement of the case (i.e., courts are to look at the citizenship of the parties as of the filing of the complaint). Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 695-696 (9th Cir. 2005).

Even if no party challenges subject matter jurisdiction, the court has a duty to raise the issue *sua sponte* whenever it is perceived. Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 132 n.1, 116 S. Ct. 494, 133 L. Ed. 2d 461 (1995) (Ginsburg, J., concurring) ("[o]f course, every federal court, whether trial or appellate, is obliged to notice want of subject matter jurisdiction on its own

motion"). On motion or on its own, the court may at any time, on just terms, add or drop a party. Fed. R. Civ. P. 21.

In the instant matter, there is no dispute that both the plaintiff and defendant Abbas are citizens of California. See Dkt. No. 1 ¶ 6 ("Complaint"); Dkt. No. 18 ¶ 1 ("Abbas Answer"). When adverse parties are non-diverse, diversity jurisdiction is defeated. However, "dismissal of the party that had destroyed diversity . . . ha[s] long been an exception to the time-of-filing rule" and will cure the jurisdictional defect. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 572 (U.S. 2004). So long as the non-diverse party is not indispensable, the court may order dismissal without prejudice at any time and retain jurisdiction of the action. Id. at 572-73. Plaintiff has moved to dismiss defendant Abbas and attests that he is not an indispensable party and was likely not involved in the allegedly fraudulent activity giving rise to this action. See Dkt. No. 37, Exh. A ¶¶ 3, 5 ("Hassing Declaration"). The court is therefore satisfied that Abbas is a dispensable non-diverse party who may be dismissed to cure the jurisdictional defect.

Accordingly, the complaint is DISMISSED as to defendant Abbas without prejudice. The jurisdictional defect having been cured, this court retains jurisdiction based in diversity over the remaining claims and parties.

II. **MOTION TO SET ASIDE DEFAULT AS TO FRANK LORENZO AND THE MILAN GROUP**

The court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The Ninth Circuit has formulated three areas of inquiry to guide the court's analysis: (1) whether setting aside the entry of default prejudices the plaintiff; (2) whether defendant's culpable conduct led to the default; and (3) whether defendant has a meritorious defense. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

A. Prejudice to Plaintiff

Lorenzo and The Milan Group argue that the plaintiff will not be prejudiced by setting aside the default. Dkt. No. 28, p. 9. Princeton moved for entry of default on October 26, 2011, sixteen days after defendant's responsive pleading was due. See Dkt. No. 16. This case is still in its early stages. No evidence has been presented that would suggest prejudice to the plaintiff, nor does

1  plaintiff allege that setting aside the default would be prejudicial to it. Indeed, "merely being forced
2  to litigate on the merits cannot be considered prejudicial for purposes of listing a default." TCI
3  Group Life Ins. Plan, 244 F.3d at 701. The courts finds that setting aside the default as to these two
4  defendants would not prejudice Princeton.

5      B. <u>Defendant's Culpable Conduct</u>

6      The defendants do not challenge the sufficiency of service or suggest that they did not know
7  a responsive filing was due in this action. They attribute their failure to respond to a convoluted
8  series of conversations between them, defendant Abbas, and Valnor Johnson, a plaintiff in another
9  lawsuit against them, C:11-04472-NC, <u>Kuman Banque v. Baylor et al.</u> (N.D. Cal. Sept. 8, 2011).
10 Apparently, Abbas and Johnson contacted the defendants either before the lawsuits were filed or in
11 late September, soon after they were filed, holding themselves out to be partners in the respective
12 plaintiff companies, Princeton Developments, LLC and Kuman Banque, LLC. Both contended that
13 they had not agreed to file suit and were working to have the lawsuits dismissed. <u>Id.</u> pp 5-6. The
14 court notes that defendant's motion is inconsistent as to whether they were contacted before or after
15 the lawsuits were filed. <u>See</u> Dkt. No. 28, p. 5, l. 11:12; <u>cf.</u> <u>id.</u> p.5, l. 26. Moreover, defendants
16 contend that Johnson falsely held himself out to be a licensed attorney and wanted the defendants to
17 retain him, though this fact makes little sense since Johnson apparently was or is a plaintiff in C:11-
18 04472-NC, and does not explain why defendants failed to respond to the complaint in this action.

19     Defendants allege that Abbas and Johnson advised them "into October" that they were
20 attempting to dismiss the lawsuits. <u>Id.</u> p. 6. At some time "subsequent" to these representations, the
21 defendants learned from plaintiff's counsel that neither case had been dismissed. <u>Id.</u> Thereafter, they
22 "promptly" obtained counsel, but their attorney seems not to have been very responsive. <u>Id.</u> On
23 October 27, the day the Clerk of the Court entered default against them, defendants requested an
24 extension of time to respond, which plaintiff's counsel apparently declined to give. <u>Id.</u> The
25 defendants then obtained new counsel on November 9, 2011, who prepared the pending motion to
26 set aside the default.

27     On the facts presented, it was imprudent of defendants to have simply relied on statements
28 by opposing parties that the lawsuits would be dismissed, even as their time to respond dwindled.

4

1  Defendants could have responded to the complaint in an abundance of caution, or applied to the
2  court for more time. Nevertheless, guided by the principle that case should ordinarily be decided on
3  their merits, the court concludes that the defendants' neglect was not culpable conduct. That is, it
4  was not so culpable that it should not be excused.  If Lorenzo and The Milan Group have a defense
5  to Princeton's claims, then they should be permitted to assert their defense and subject the claims to
6  a judicial determination.

### C. Meritorious Defense

On a motion to set aside default, a movant need not prove that the proffered defense would prevail, but must only illustrate that "a sufficient defense is assertible" under this prong of the analysis. TCI Group Life Ins. Plan, 244 F.3d at 700 (quoting In re Stone, 588 F.2d 1316, 1319 n. 2 (10th Cir. 1978)). The defendants' version of the facts and circumstances supporting their defense will be deemed true for the purposes of deciding this motion. In re Stone, 588 F.2d at 1319.

Lorenzo and the Milan Group claim that they acted in good faith, performed due diligence, justifiably relied upon documents provided by third parties, and otherwise discharged their duties and obligations to Princeton under the applicable agreements to lease the financial instrument at issue in this case. Dkt. No. 28, pp. 8-9. They argue that the third party that owned the financial instrument, Global Funding Systems, made intentional and material misrepresentations to defendants as well as to plaintiffs. Id. at 9. Global Funding Systems provided a variety of documents that appeared valid to authenticate the instrument at issue, and only after it failed to deliver the instrument and absconded with plaintiff's funds did defendants discover that Global Funding Systems had never owned the instrument at all. Dkt. No. 28, Exh. A, p. 8 ("Lorenzo Declaration"). They further allege that they paid $240,000.00 in fees to complete the transaction at issue, and received only a $125,000.00 contractual fee out of escrow after they had completed their due diligence and received the appropriate signatures from all parties, including plaintiff. Id. Taken as true, these factual allegations essentially constitute a meritorious defense of fraud on the part of Global Funding Systems.

The court finds that under the TCI Group Life Ins. Plan analysis, there is good cause to set aside the default and permit the parties to proceed on the merits. Accordingly, the court sets aside

the default entered as to defendants Frank Lorenzo and The Milan Group. The defendants are ordered to file an Answer within 14 days of the date of this order.

### III. ORDER THAT CASE BE ASSIGNED TO A DISTRICT JUDGE

In this action, Princeton has successfully obtained entry of default against two defendants, Patrick Lewis and GPH Holdings, and plaintiff's counsel informed the court at the January 10 hearing that plaintiff intends to seek default against defendant Baylor & Jackson as well. The court expects that Princeton will ultimately move for default judgment against these defendants.

On November 30, 2011, the court issued an order directing all parties who had not yet done so to file either a consent or declination to proceed before a United States Magistrate Judge by December 6, 2011. Dkt. No. 30. Only the plaintiff and defendants Abbas, who is now dismissed from the action, Frank Lorenzo, and the Milan Group have consented to the undersigned's jurisdiction. All of the other defendants have been served but have failed to respond to this court's order directing them to consent or decline. Therefore, the undersigned lacks jurisdiction to award dispositive relief in this action, which it expects will be requested shortly. Accordingly, IT IS ORDERED THAT the Clerk of the Court shall promptly reassign this case to a district judge. See 28 U.S.C. § 636.

### CONCLUSION

Based on the foregoing, it is ORDERED THAT:

1. The complaint be DISMISSED as to Syed Ali Abbas without prejudice;
2. Default entered as to Frank Lorenzo and The Milan Group is SET ASIDE and defendants shall file their Answer within 14 days of the date of this order;
3. The Clerk of the Court shall promptly REASSIGN this case to a district judge.

Dated: January 11, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-04471 HRL Notice will be electronically mailed to:**

Steven J. Hassing          sjh@hassinglaw.com
Veronika Short            vshort@dpalawyers.com

**Notice will be provided by mail to:**

Brynee K Baylor
2607 24th Street, NW Suite 1
Washington, DC 20036

Syed Ali Abbas
538 Calistoga Circle
Fremont, CA 94536

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**